UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENIS DUBROVIN,

                Plaintiff,

v.                                              Case No. 24-cv-1411-pp

LT. GRIPENTROG,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE (DKT. NO. 9), WAIVING PAYMENT OF INITIAL PARTIAL FILING FEE, SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

      Plaintiff Denis Dubrovin, who is incarcerated at Wisconsin Resource Center and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendant verbally harassed him. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. no. 2, and for an extension of time to pay his initial partial filing fee, dkt. no. 9, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On November 6, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $4.20. Dkt. No. 5. The court later granted the plaintiff's motion to extend that deadline and ordered him to pay the fee by December 20, 2024. Dkt. No. 8. On December 4, 2024, the plaintiff filed a second motion for an extension of time. Dkt. No. 9. He says that he does not have the money to pay the $4.20 initial partial filing fee, and he asks for a five-month extension of time to save the money to pay the fee. Id. The court will not give the plaintiff an additional five months to pay the initial partial filing fee. The court will waive the requirement that he pay the initial partial fee, grant his motion for leave to proceed without prepaying the filing fee and require him to pay the full $350 filing fee over time in the manner explained at the end of this order.

**II.   Screening the Complaint**

    A.   Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names Lieutenant Gripentrog at Waupun Correctional Institution as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that on September 20, 2024, while he was incarcerated at Waupun, Gripentrog repeatedly called him "sweatheart [*sic*] homosexual" while performing rounds. Id. at 2. The plaintiff opines that Gripentrog made these comments because the plaintiff is "a russian imigrant [*sic*] and do[es] not speak English as well as he does." Id. at 2–3. The plaintiff says that he has been molested and sodomized by another person in the past, but he does not allege whether Gripentrog was aware of that when he made the comments. Id. at 3. The plaintiff seeks $75,000 in damages "for pain and suffering." Id.

C. Analysis

The plaintiff's allegations about Lieutenant Gripentrog's comments do not state a claim. Except in exceptional circumstances, unprofessional comments or verbal abuse from prison officials do not violate the Constitution. See Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) (citing Beal v. Foster, 803 F.3d 356, 357–58 (7th Cir. 2015)) (explaining that prison staff's use of even "[r]epugnant words . . . will seldom rise to an Eighth Amendment violation" because "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners"). The plaintiff says that he has been sexually assaulted, but he has not alleged that Gripentrog knew this or made the comments because of the plaintiff's past abuse. The plaintiff alleges only that Gripentrog made the comments because the plaintiff is Russian and does not

speak English well. Even if Gripentrog did know about the plaintiff's past, his unprofessional and unacceptable comments were not so extreme as to constitute a violation of the Eighth Amendment. See Perkins v. Koehler, Case No. 24-1508, 2024 WL 4835249, at *3 (7th Cir. Nov. 20, 2024) (affirming summary judgment in favor of prison captain who once called plaintiff "gay" because "that did not involve especially 'severe' or 'devasting' content").

The allegations in the complaint do not state a claim. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because further facts would not alter the conclusion that Gripentrog's comments did not violate the Eighth Amendment. The court will not allow the plaintiff to file an amended complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's second motion for an extension of time to pay the initial partial filing fee. Dkt. No. 9.

The court **WAIVES** the requirement that the plaintiff pay the $4.20 initial partial filing fee.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the full **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Director of the Wisconsin Resource Center, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline.

See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**