UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENIS DUBROVIN,

                Plaintiff,

    v.                                     Case No. 24-cv-1412-pp

CO JOHNSON,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Denis Dubrovin, who is incarcerated at the Wisconsin Resource Center and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendant verbally harassed him. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On November 6, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $4.20. Dkt. No. 5. The court received that fee on November 22, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The complaint names Correctional Officer Johnson as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that early in the morning on January 26, 2023, while he was incarcerated at Milwaukee Secure Detention Facility (MSDF), he was awakened when he was unable to breathe because of "mold in vent[i]lation system." Id. at 2. He began to kick his cell door, and Johnson to came to his cell. Id. The plaintiff does not allege whether he said anything to Johnson or told him about the mold. Id. But he says Johnson began to sexually harass him by repeatedly saying "Black d[***] in your mama mouth." Id. The plaintiff says that Johnson continued to say this to him for the next three days over his intercom, but those conversations are not recorded. Id. at 2–3.

The plaintiff alleges that Johnson harassed him because the plaintiff woke Johnson from his nap when he kicked his cell door. Id. at 3. The plaintiff also says his mother passed away on July 12, 2022, and Johnson "might have had knowledge of this fact." Id. The plaintiff says he filed a complaint under the Prison Rape Elimination Act (PREA), but "it was covered down by" Captain Cartagena and Unit Manager Freeze. Id. The plaintiff seeks $75,000 in damages. Id. at 4.

C.    Analysis

The plaintiff alleges that mold in MSDF's ventilation system affected his breathing and woke him on one occasion in January 2023. But he does not seek to proceed on a claim about the mold in the ventilation system. He instead alleges only that Officer Johnson repeatedly made offensive sexual comments to him after the plaintiff kicked his cell door and woke Johnson.

The plaintiff's allegations about Johnson's comments do not state a claim. Except in exceptional circumstances, verbal abuse or unprofessional comments from prison officials do not violate the Constitution. See Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) (citing Beal v. Foster, 803 F.3d 356, 357–58 (7th Cir. 2015); and DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by Savory v. Cannon, 947 F.3d 409, 423–24 (7th Cir. 2020) (en banc)) (explaining that prison staff's use of even "[r]epugnant words . . . will seldom rise to an Eighth Amendment violation" because "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners"). The plaintiff suggests that

4

Johnson may have known that his mother had passed away only months before making the inappropriate comments. But even if he did, Johnson's unprofessional and unacceptable comments were not so extreme that they constitute a violation of the Eighth Amendment.

To the extent the plaintiff did want to proceed on his allegations about the mold, he has not stated a claim. First, the plaintiff does not say who, if anyone, was responsible for the mold. Nor does he say that he told Johnson or anyone about the mold or its effect on his breathing. Even if he had named a viable defendant, this court recently explained that allegations about mold (even black mold) typically do not constitute objectively serious conditions of confinement necessary to support an Eighth Amendment claim. See Rivers v. Paulsen, Case No. 24-cv-519-pp, 2024 WL 3273794, at *4 (E.D. Wis. June 28, 2024) (citing Board v. Farnham, 394 F.3d 469, 486 (7th Cir. 2005); Mitchell v. Dane Cnty. Sheriff Dep't, Case No. 16-CV-352-WMC, 2018 WL 851391, at *6 (W.D. Wis. Feb. 13, 2018); and other cases). The plaintiff's allegations that he was awakened on a single occasion because of breathing issues caused by mold in MSDF's ventilation system is insufficient "to show that the plaintiff was exposed to extreme conditions posing a substantial risk of serious harm to his health or safety." Rivers, 2024 WL 3273794, at *4.

The plaintiff also alleges that he filed a PREA complaint about Johnson's comments. But he says the complaint "was covered down by" Captain Cartagena and Unit Manager Freeze. Dkt. No. 1 at 3. The plaintiff does not name Cartagena or Freeze as defendants, and it is unclear whether he wants to

5

sue them. And the court does not understand what the plaintiff means by saying that Cartagena and Freeze "covered down" the PREA complaint. Even if the court were to assume that the plaintiff wants to sue these defendants, and even if the court assumes he means to allege that Cartagena and Freeze denied or dismissed his PREA complaint, he does not state a claim. Prison officials do not violate an incarcerated person's rights by denying or dismissing "an administrative complaint about a completed act of misconduct." George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007). The plaintiff has not alleged that Cartagena and Freeze were involved in Johnson's alleged harassment, and they cannot be liable for reviewing, denying or mishandling his grievance about that conduct. Id.; see also Stankowski v. Carr, Case No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024) (citing Owens v. Evans, 878 F.3d 559, 563 (7th Cir. 2017)) ("[A]n official who merely reviews a grievance or appeal cannot be liable for the conduct forming the basis of the grievance.")

The complaint does not state a claim. But it is possible that the plaintiff may be able to state a claim if he files an amended complaint that provides additional detail. The court will give him an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or

contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

## III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **January 31, 2025**. If the court receives an amended complaint by the deadline, the court will screen the amended complaint as required by 28

7

U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$345.80** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Director of the Wisconsin Resource Center, where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2025.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

9