UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENIS DUBROVIN,

                  Plaintiff,

v.                                     Case No. 24-cv-1412-pp

CO JOHNSON,

                  Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 16) UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On January 2, 2025, the court issued an order screening plaintiff Denis Dubrovin's complaint under 42 U.S.C. §1983 and determining that it did not state a federal claim about events that occurred when he was incarcerated at the Milwaukee Secure Detention Facility (MSDF). Dkt. No. 15. The court gave the plaintiff "an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint." Id. at 6. It ordered the plaintiff to file an amended complaint "in time for the court to receive it by the end of the day on January 31, 2025." Id. at 7 (emphasis omitted). On January 24, 2025, the court received the plaintiff's amended complaint. Dkt. No. 16. This decision screens the amended complaint.

**I.    Screening the Amended Complaint (Dkt. No. 16)**

    A.    <u>Federal Screening Standard</u>

As the court explained in its January 2, 2025 order, it must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that

are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The amended complaint realleges the same events alleged in the original complaint. The plaintiff says that on January 26, 2023, he kicked his door to wake Correctional Officer Johnson from a nap because he was unable to breathe "from mold in vent[i]lation system" at MSDF. Dkt. No. 15 at 2. He says that Johnson responded by repeatedly saying "Black d[***] in your mama mouth" to the plaintiff over the intercom system for the next three days. Id.

The plaintiff alleges that Johnson's comments violated the Prison Rape Elimination Act (PREA), which "created national standards to prevent, detect and respond to sexual abuse and sexual harassment." Id. at 2–3 (underlining omitted). He says that Johnson's comments meet the definition of harassment as stated in the PREA rule book. Id. at 3. He realleges that MSDF cameras did not record the audio of these events or the intercom communications. Id. The plaintiff restates his request for $75,000 in damages. Id. at 4.

C.  Analysis

For the same reasons the court stated in the previous order, the amended complaint does not state a claim. The court previously explained that "[e]xcept in exceptional circumstances, verbal abuse or unprofessional comments from prison officials do not violate the Constitution." Dkt. No. 15 at 4 (citing Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019); Beal v. Foster, 803 F.3d 356, 357–58 (7th Cir. 2015)). The plaintiff has not added any detail about the passing of his mother (which he had disclosed in his original complaint). Id. at 4–5. Nor does he say anything else about these allegations that suggest they could have violated his Eighth Amendment rights. The amended complaint alleges no new facts to change the court's conclusion that

Johnson's alleged comments "were not so extreme that they constitute a violation of the Eighth Amendment." Id. at 5.

The plaintiff also did not add any allegations related to the mold in the ventilation system at MSDF. The court previously explained that these allegations could state a claim, but that the plaintiff had not "sa[id] who, if anyone, was responsible for the mold. Nor does he say that he told Johnson or anyone about the mold or its effect on his breathing." Id. The amended complaint does not answer these questions. The plaintiff says even less about the mold, realleging only that it existed and affected his breathing on one occasion. For the reasons the court previously stated, these allegations are insufficient to state a claim. Id. (citing Rivers v. Paulsen, Case No. 24-cv-519-pp, 2024 WL 3273794, at *4 (E.D. Wis. June 28, 2024); Board v. Farnham, 394 F.3d 469, 486 (7th Cir. 2005); and Mitchell v. Dane Cnty. Sheriff Dep't, Case No. 16-CV-352-WMC, 2018 WL 851391, at *6 (W.D. Wis. Feb. 13, 2018)).

The plaintiff provides more information about why he believes Johnson's comments violated the PREA. But he does not reallege that anyone kept him from filing a PREA complaint or dismissed a PREA complaint that he did file, and in any event, the court previously explained that those actions would not state a federal claim. Id. at 6 (citing George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007); Stankowski v. Carr, Case No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024)). And the plaintiff cannot proceed on a PREA claim about Johnson's comments because the "'PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements.'" Gould v. Doe, Case No. 20-cv-1250-pp, 2021 WL 3056249, at *3 (E.D. Wis. July 20, 2021) (quoting Summers v. Waggoner, Case No. 19-CV-01338, 2020 WL 6321488, at *3 (S.D. Ill. Oct. 28, 2020), and citing other cases).

For the reasons the court gave in its January 2, 2025 order, the amended complaint does not state a claim. The court will not give the plaintiff a second opportunity to amend his complaint and will dismiss this case.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. Dkt. No. 16.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).[1]

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court.* See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

---

[1] This is the plaintiff's second strike. See Dubrovin v. Gripentrog, Case No. 24-cv-1411-pp (dismissed Dec. 23, 2024, for failure to state a claim).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**